87 F.3d 1308
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John D. GRAY, Plaintiff--Appellant,
v.
Tony LAWS, individually and officially as an Orange County
Health Department employee; Dan Reimer, individually and
officially as Orange County Health Director; Orange County
Health Department; Orange County, Defendants--Appellees.
 No. 95-2735.
 United States Court of Appeals, Fourth Circuit.
 Argued: May 7, 1996
 Decided: June 14, 1996
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Franklin T. Dupree, Jr., Senior District Judge. (CA-93-60-5-D)
 ARGUED: Monroe Jackson Nichols, ALLEN & PINNIX, P.A., Raleigh, North Carolina, for Appellant. James Redfern Morgan, Jr., WOMBLE, CARLYLE, SANDRIDGE & RICE, P.L.L.C., Winston-Salem, North Carolina, for Appellees. ON BRIEF: Robert H. Sasser, III, WOMBLE, CARLYLE, SANDRIDGE & RICE, P.L.L.C., Raleigh, North Carolina; Geoffrey E. Gledhill, COLEMAN, GLEDHILL & HARGROVE, Hillsborough, North Carolina, for Appellees.
 E.D.N.C.
 AFFIRMED.
 Before HALL, WILKINS, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 
 1
 In Gray v. Laws, 51 F.3d 426 (4th Cir.1995), we vacated summary judgment for defendants on appellant John Gray's claim of retaliatory discharge in violation of his First Amendment rights and remanded the claim "because the district court, perhaps by oversight, failed to consider Gray's allegations of mismanagement and their possible bearing on Gray's First Amendment claim." Id. at 439. On remand, the district court received supplemental briefing on the issue and again entered summary judgment for Gray's employer Orange County Health Department and his immediate supervisors, for two alternative reasons. First, the district court concluded that it was unclear that Gray's allegations of misconduct by the county were protected speech at all because "[i]t appears that many of his allegations pertained to the conditions of his own employment," J.A. at 547, and Gray "offers no credible evidence" of that mismanagement, J.A. at 548. Second, the district court concluded that, even if his allegations against his superiors were protected speech, Gray failed to demonstrate "but for" causation between those allegations, which began in 1977, and his 1990 termination, immediately following, and because of two separate and corroborated complaints of sexual harassment lodged against him by women whose establishments he was charged with inspecting. J.A. at 548.
 
 
 2
 We have reviewed all of the arguments raised by the parties in their briefs and at oral argument, and, for the reasons explained in the district court's thorough opinion, we affirm the judgment of the district court.
 
 AFFIRMED